**Steven A. STEWART, Plaintiff,**

**v.**

**Patrick McMANUS, et al., Defendants.**

**Civ. No. 86–185–A.**

United States District Court,
S.D. Iowa, C.D.

June 13, 1986.

Steven A. Stewart, pro se.

Thomas J. Miller, Atty. Gen. of Iowa, Layne M. Lindebak, Asst. Atty. Gen., Des Moines, Iowa, for defendants.

STUART, District Judge.

On March 6, 1986, the Court ordered plaintiff to pay two dollars ($2.00) as partial payment of the filing fee of this action. Plaintiff made payment of the amount in a timely manner. The Court must next determine whether plaintiff's claim is frivolous. 28 U.S.C. § 1915(d).

■ In reviewing plaintiff's claim under section 1915(d), the Court must accept as true plaintiff's factual allegations. Because plaintiff is acting *pro se*, the Court must also liberally construe the allegations made by plaintiff. *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 175–76, 66 L.Ed.2d 163 (1980). The Court will not determine plaintiff's claim to be frivolous unless it appears beyond a doubt that plaintiff can prove no set of facts that would entitle him to relief, *Smith v. Bacon*, 699 F.2d 434, 436 (8th Cir.1983).

Plaintiff, currently an inmate at the Iowa State Penitentiary (ISP), was transferred from Kansas to ISP pursuant to the Interstate Corrections Compact (ICC). In his complaint and supplemental complaint plaintiff asserts a long list of alleged violations of his constitutional guarantees of due process and equal protection as well as his right to be free of cruel and unusual punishment. Without reciting plaintiff's numerous claims, the Court finds that with the following exceptions plaintiff's claims should not be dismissed as frivolous at this time.

■ Plaintiff's claim that he has been denied due process in that he has not been afforded the same disciplinary proceeding rights at ISP as he would have been were he incarcerated in Kansas pursuant to the ICC, Iowa Code Chapter 218B, must be dismissed as frivolous. Although liberty interests created by state law may be at stake in disciplinary proceedings, the constitution determines what process is due. *Wolf v. McDonnell*, 418 U.S. 539, 557, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974). The minimum due process required at a disciplinary proceeding is set out in *Wolf v. McDonnell*, 418 U.S. at 563–72, 94 S.Ct. at 2978–82. Thus the mere fact that plaintiff has not been afforded the same procedural protections at ISP as he would in a Kansas prison does not constitute a colorable claim under 42 U.S.C. § 1983. Accordingly, plaintiff's claim in this regard will be dismissed.

■ Likewise, plaintiff's claim that he has been denied equal protection will be dismissed as frivolous since plaintiff has failed to allege he has been treated dissimilar to those similarly situated. *See Munz v. Rosenbaum*, Civil No. 84–705–A (S.D. Iowa, September 25, 1984) [Available on WESTLAW DCTU database].

IT IS THEREFORE ORDERED that plaintiff's claims that he was denied due process and equal protection because he has not been afforded the same disciplinary proceeding at ISP as he would were he imprisoned in Kansas be and hereby are dismissed as frivolous.

IT IS FURTHER ORDERED that plaintiff is hereby granted leave to proceed in forma pauperis for the remainder of this action.

IT IS FURTHER ORDERED that the Clerk shall notify defendants and the Attorney General for the State of Iowa by first-class mail. In the event any defendant does not give written consent to the Attorney General's entry of a voluntary appearance on his or her behalf, the Attorney General's Office shall so inform the Court without delay.

IT IS FURTHER ORDERED that:

(1) Defendants are directed to undertake a review of the subject matter of the complaint:

   a. to ascertain the facts and circumstances surrounding all of the issues raised in the complaint; and

   b. to consider whether any action can and should be taken by the institution to resolve the subject matter of the complaint. ·

(2) In the conduct of the review, a detailed written report setting forth defendants' position on the matters outlined above shall be compiled and filed with the Court.

(3) The answer to the complaint, including the report required herein, shall be filed no later than forty (40) days from the date this Order is filed.

(4) No answer or motions shall be filed by defendants prior to the filing of the report required herein.